UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERESA P.,

                              Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.

CASE NO. C18-6050 BHS

ORDER AFFIRMING DENIAL OF
BENEFITS

## I.        BASIC DATA

Type of Benefits Sought:

        (X) Disability Insurance

        (  ) Supplemental Security Income

Plaintiff's:

        Sex:  Female

        Age:  39 at the time of alleged disability onset.

Principal Disabilities Alleged by Plaintiff:  Congestive heart failure, left bundle branch block, C5–C6 left disc osteophyte complex, chronic fatigue/possible narcolepsy, intracranial hypertension, systolic dysfunction, sinus tachycardia, anemia, chronic back pain, chronic shortness of breath.  *See* Admin. Record (Dkt. # 7) ("AR") at 68.

Disability Allegedly Began:  March 13, 2015

Principal Previous Work Experience:  Patient scheduler, front desk receptionist.  AR at 31, 206.

1  Education Level Achieved by Plaintiff:  High school diploma.

2  **II.    PROCEDURAL HISTORY—ADMINISTRATIVE**

3  Before Administrative Law Judge ("ALJ") Cynthia Rosa:

4  Date of Hearing:  September 7, 2017

5  Date of Decision:  February 28, 2018

6  Appears in Record at: 21–32

7  Summary of Decision:

8  The claimant has not engaged in substantial gainful activity since
March 13, 2015, the alleged onset date.  *See* 20 C.F.R. §§ 404.1571–76.

9  The claimant has the following severe impairments:  History of atrial
10  flutter status post ablation in 2012; mild systolic dysfunction and left
bundle branch block; narcolepsy; degenerative disc disease of the cervical
11  spine with spondylosis at C5–C6 status post fusion at C5–C6; left shoulder
mild osteoarthritis with a small labral tear; and fibromyalgia.  *See* 20 C.F.R.
12  § 404.1520(c).

13  The claimant does not have an impairment or combination of
impairments that meets or medically equals the severity of one of the listed
14  impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R.
§§ 404.1520(d), 404.1525, 404.1526.

15  The claimant has the residual functional capacity ("RFC") to
16  perform light work as defined in 20 C.F.R. § 404.1567(b), with exceptions.
She can occasionally climb ramps and stairs, but never ropes, ladders, or
17  scaffolds.  She can occasionally stoop and crouch, but never crawl or kneel.
She can occasionally reach overhead bilaterally.  She should avoid
18  concentrated exposure to extreme heat, extreme cold, vibration, and
hazards.  She should be able to change position between sitting and
19  standing in 30-minute intervals.

20  The claimant is capable of performing past relevant work as a patient
scheduler and front desk receptionist.  This work does not require the
21  performance of work-related activities precluded by the claimant's RFC.
*See* 20 C.F.R. § 404.1565.

22

1
2

       The claimant has not been under a disability, as defined in the Social Security Act, from March 13, 2015, through the date of the ALJ's decision. *See* 20 C.F.R. § 404.1520(f).

3

Before Appeals Council:

4

Date of Decision:  November 13, 2018

5

Appears in Record at:  AR at 5–7

6

Summary of Decision:  Denied review.

7

### III.      PROCEDURAL HISTORY—THIS COURT

8

Jurisdiction based upon: 42 U.S.C. § 405(g)

9

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

10

### IV.      STANDARD OF REVIEW

11

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's

12

denial of Social Security benefits when the ALJ's findings are based on legal error or not

13

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

14

1211, 1214 n.1 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than

15

a preponderance, and is such relevant evidence as a reasonable mind might accept as

16

adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971);

17

*Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for

18

determining credibility, resolving conflicts in medical testimony, and resolving any other

19

ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

20

Although the Court is required to examine the record as a whole, it may neither reweigh

21

the evidence nor substitute its judgment for that of the ALJ.  *See Thomas v. Barnhart*,

22

278 F.3d 947, 954 (9th Cir. 2002).  "Where the evidence is susceptible to more than one

1  rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion

2  must be upheld." *Id.*

### V.     EVALUATING DISABILITY

Plaintiff bears the burden of proving she is disabled within the meaning of the

Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The

Act defines disability as the "inability to engage in any substantial gainful activity" due to

a physical or mental impairment which has lasted, or is expected to last, for a continuous

period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A claimant is disabled

under the Act only if her impairments are of such severity that she is unable to do her

previous work, and cannot, considering her age, education, and work experience, engage

in any other substantial gainful activity existing in the national economy.  42 U.S.C.

§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for

determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R.

§ 404.1520.  The claimant bears the burden of proof during steps one through four.

*Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step

five, the burden shifts to the Commissioner.  *Id.*

### VI.     ISSUES ON APPEAL

A.     Whether the ALJ adequately accounted for limitations caused by Plaintiff's

narcolepsy and fibromyalgia.

B.     Whether the ALJ erred in failing to address statements from treating

1  provider Kimberly Hutchison, M.D.

2        C.      Whether the ALJ reasonably determined Plaintiff could perform past work

3  as actually and generally performed.

4                          **VII.      DISCUSSION**

5  **A.    The ALJ Did Not Harmfully Err in Accounting for Limitations Caused by
         Plaintiff's Narcolepsy and Fibromyalgia**

6        Plaintiff argues the ALJ erred by failing to include in the RFC limitations she

7  alleges her narcolepsy and fibromyalgia caused.  Pl. Op. Br. (Dkt. # 11) at 3–7.  The ALJ

8  found that Plaintiff had, among other things, severe impairments of narcolepsy and

9  fibromyalgia.  AR at 23.

10        Plaintiff argues the ALJ erred by failing to include limitations that narcolepsy has

11  been found to cause.  *See* Pl. Op. Br. at 3–4.  Plaintiff quotes from an online source

12  indicating that narcolepsy can cause daytime drowsiness and sudden attacks of sleep, and

13  argues that the ALJ needed to include limitations in the RFC that would address these

14  symptoms.  *See id.*  Plaintiff's argument fails.

15        A finding that an impairment is severe does not automatically mean the

16  impairment inhibits a claimant from engaging in basic work activities.  *Bray v. Comm'r*

17  *of Soc. Sec. Admin.*, 554 F.3d 1219, 1228–29 (9th Cir. 2009); *see Hoopai v. Astrue*, 499

18  F.3d 1071, 1076 (9th Cir. 2007).  Rather, the ALJ is only obligated to include in the RFC

19  limitations actually established by the evidence.  *See Stubbs-Danielson v. Astrue*, 539

20  F.3d 1169, 1174 (9th Cir. 2008).  Plaintiff does not refute the ALJ's findings simply

21  because an internet source mentions possible symptoms narcolepsy can cause.

22

1       Plaintiff points to a statement from provider Caitlin Conrad, PA-C, to argue that

2  additional limitations caused by narcolepsy should have been included in the RFC.  Ms.

3  Conrad reported that Plaintiff "has difficulty with concentration, memory and driving.

4  Her sleepiness affects her quality of life.  She is unable to schedule naps while at work."

5  AR at 497.  But the ALJ discounted Ms. Conrad's statements, finding that they were "not

6  entirely consistent with her treatment notes."  AR at 30.  Plaintiff presents no argument as

7  to how the ALJ erred in discounting Ms. Conrad's statements, so they do not help

8  Plaintiff's argument.  *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir.

9  2003) ("The art of advocacy is not one of mystery. Our adversarial system relies on the

10  advocates to inform the discussion and raise the issues to the court. Particularly on

11  appeal, we have held firm against considering arguments that are not briefed.").

12       With respect to fibromyalgia, Plaintiff argues the ALJ failed to include in the RFC

13  limitations indicated by Plaintiff's testimony.  *See* Pl. Op. Br. at 6–7.  Plaintiff asserts,

14  without any argument, that "[t]he ALJ did not state any convincing reason for rejecting

15  any of [Plaintiff's] testimony."  Pl. Op. Br. at 7 (emphasis omitted).  But the ALJ rejected

16  Plaintiff's testimony as inconsistent with the medical evidence and her activities of daily

17  living.  *See* AR at 29–30.  Plaintiff has presented no argument as to how the ALJ erred in

18  reaching these determinations, and has thus failed to show error.  *See Indep. Towers of*

19  *Wash.*, 350 F.3d at 929.

20  **B.**    **The ALJ Did Not Harmfully Err in Addressing Dr. Hutchison's Opinions**

21       Plaintiff argues the ALJ erred in failing to consider a statement from Dr.

22  Hutchison.  Pl. Op. Br. at 8–10.  Dr. Hutchison treated Plaintiff for sleep disorders.  *See*

1    AR at 361–79.  Dr. Hutchison noted after one appointment that she "[c]ounseled

2    [Plaintiff] on limited driving, 2 x 20 minute naps daily."  AR at 378.  Plaintiff argues this

3    constituted an opinion, and the ALJ erred by failing to address it.  *See* Pl. Op. Br. at 8–10.

4            Plaintiff has failed to show the ALJ harmfully erred.  *See Ludwig v. Astrue*, 681

5    F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009))

6    (holding that the party challenging an administrative decision bears the burden of proving

7    harmful error).  An ALJ must address a doctor's opinions, but is not required to discuss a

8    doctor's treatment recommendations in evaluating the claimant's RFC.  *See Rounds v.*

9    *Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1005–06 (9th Cir. 2015) (holding that the ALJ

10   need not consider a treatment recommendation in the absence of identified functional

11   limitations); *Valentine*, 574 F.3d at 691–92 (reasoning that the ALJ is not required to

12   credit or reject a doctor's recommendations for coping with symptoms when those

13   recommendations do not include opinions as to specific functional limitations).  That Dr.

14   Hutchison "counseled" Plaintiff about taking naps does not mean Dr. Hutchison opined

15   that Plaintiff must take two 20-minute naps a day.  *See* AR at 378.  Dr. Hutchison

16   provided no specific functional opinion, and the ALJ therefore did not err in failing to

17   address her treatment note.

18   **C.    The ALJ Did Not Harmfully Err in Finding Plaintiff Could Perform Past**
     **Work**

19           Plaintiff argues the ALJ erred in finding Plaintiff could perform her past work as a

20   patient scheduler and front-desk receptionist.  Pl. Op. Br. at 10–16.  At step four of the

21   disability evaluation, the ALJ must determine whether the claimant perform any of her

22

ORDER - 7

1    past work considering her RFC.  20 C.F.R. § 404.1520(a)(iv).  To determine whether a

2    claimant can perform her past work, an ALJ considers whether the claimant can perform

3    the functional demands and job duties of his past work "as [s]he . . . actually performed

4    it," or "as generally required by employers throughout the economy."  Social Security

5    Ruling ("SSR") 82–61, 1982 WL 31387, at *1–2 (Jan. 1, 1982).  ALJs ordinarily look to

6    the *Dictionary of Occupational Titles* ("DOT") to determine the maximum requirements

7    of occupations as generally performed.  *See* SSR 00–4p, 2000 WL 1898704, at *3 (Dec.

8    4, 2000).  "Information about a particular job's requirements or about occupations not

9    listed in the DOT may be available in other reliable publications, information obtained

10   directly from employers, or from a [vocational expert's] experience in job placement or

11   career counseling."  *Id.* at *2.  If testimony from the vocational expert ("VE") conflicts

12   with information in the DOT, the ALJ must "elicit a reasonable explanation" from the VE

13   before relying on his or her testimony.  *See* SSR 00–4p, 2000 WL 1898704, at *2.

14       The ALJ found, among other things, that Plaintiff could perform her past work as

15   a patient scheduler as generally performed.  *See* AR at 31–32.  Plaintiff contends the ALJ

16   erred in making this finding because the DOT does not address whether patient scheduler

17   jobs provide the ability to alternate sitting and standing.  Pl. Op. Br. at 12–14.  As such,

18   according to Plaintiff, the VE's testimony that Plaintiff could perform this job as

19   generally performed conflicted with the DOT, and the ALJ erred in failing to address that

20   conflict.  *Id.*

21       The ALJ did not harmfully err at step four.  The ALJ's duty to elicit a reasonable

22   explanation for conflicts with the DOT is only triggered when there is an "obvious or

1   apparent" conflict.  *See Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).  No such

2   conflict exists here because the DOT is silent on whether patient scheduler jobs have a

3   sit/stand option.  *See Dewey v. Colvin*, 650 F. App'x 512, 514 (9th Cir. 2016) (holding

4   that the ALJ did not need to address a conflict with the DOT and VE testimony where the

5   DOT was "silent on whether the jobs in question allow for a sit/stand option").[1]  The

6   VE's testimony filled in a gap, and the ALJ therefore did not err in finding that Plaintiff

7   could perform her past work as a patient scheduler as generally performed.

8         The Court need not address Plaintiff's remaining step four arguments because any

9   error was harmless.  *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting

10   *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (holding

11   that an error is harmless "where it is 'inconsequential to the ultimate disability

12   determination'").  The ALJ's finding that Plaintiff could perform her past work as a

13   patient scheduler as generally performed remains valid regardless of whether the ALJ

14   erred in finding that Plaintiff could perform her past work as a patient scheduler as

15   actually performed, or could perform her past work as a front desk receptionist as

16   actually or generally performed.  The ALJ therefore did not harmfully err.

17

18

19

20

21        [1] The jobs in question in *Dewey* were defined as sedentary but the DOT, like the patient
scheduler job.  *See Dewey*, 650 F. App'x at 514 (citing DOT 521.687-086, 1991 WL 674226

22   (sorter); and DOT 713.687-018, 1991 WL 679271 (final assembler).

# VIII.    ORDER

Therefore, it is hereby ORDERED that the Commissioner's final decision denying Plaintiff disability benefits is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 7th day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge